UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LUIS ONA-LOPEZ | ) | |
| | ) | |
| v. | ) | No. 3:13-00572 |
| | ) | JUDGE CAMPBELL |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Petition To Vacate, Correct, Or Set Aside Sentence Of Prisoner In Federal Custody Pursuant To 28 U.S.C. § 2255 (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a brief and exhibits in response (Docket Nos. 13, 15) to the Motion. In response to an Order of the Court (Docket No. 20), the Government has also filed a supplemental brief (Docket No. 22) regarding the "fast track" program for illegal reentry cases.

For the reasons set forth herein, the Court concludes that Petitioner's Motion To Vacate is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged in a one-count Indictment with illegal reentry to the United States after deportation subsequent to an aggravated felony, in violation of 8 U.S.C. §§ 1326(a), (b)(2). (Docket No. 1 in Case No. 3:12-00081)). Petitioner pled guilty to the charge pursuant to a Plea Agreement, based on Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, in which the parties agreed to a sentence of 62 months of imprisonment. (Docket No. 17 in Case No. 3:12-00081). At the subsequent sentencing hearing,

the Court sentenced the Petitioner to the agreed sentence of 62 months. (Docket Nos. 23, 24 in Case No. 3:12-00081).

III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction and sentence should be vacated because he received the ineffective assistance of counsel, and his sentence was unreasonable.

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Amr v. United States, 280 F. App'x 480, 485, 2008

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

WL 2246367 (6th Cir. June 2, 2008); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

The Court has reviewed the pleadings, briefs, transcripts, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, transcripts, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Ineffective Assistance of Counsel

Petitioner argues that he received the ineffective assistance of trial counsel in the underlying criminal proceeding. In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be

relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 2065.

In order to show actual prejudice in the guilty plea context, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 47 U.S. 52, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985); Lafler v. Cooper, ___ U.S. ___, 132 S.Ct. 1376, 182 L.Ed. 2d 398 (2012); Missouri v. Frye, ___ U.S. ___, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2052.

Petitioner argues that counsel was ineffective for failing to pursue this District's "fast track" program for illegal reentry cases, or to challenge the disparity issues in sentencing between districts that provide "fast track" programs and districts that do not. The Government argues that the Petitioner was not prejudiced by any such failure because the Petitioner would not have qualified for the program. In that regard, the Government has filed a January 31, 2012 Memorandum issued by Deputy Attorney General James M. Cole to all United States Attorneys directing the implementation of a "fast track" program in each district, and setting forth the basic criteria for such a program ("the Cole Memorandum"). (Docket No. 22-1).[2] The Government argues that the Petitioner did not qualify for participation in the "fast track" program because he

---

[2] According to the Government, the United States Attorney for the Middle District of Tennessee had a "fast track" program in place at the time the Petitioner was charged on April 26, 2012, but the specifics of the program are not publicly available.

could not satisfy two of those basic criteria: (1) that the defendant not have a prior violent felony conviction; and (2) that the defendant not have prior deportations.

The Cole Memorandum provides, in pertinent part, as follows:

A. *Defendant Eligibility*. The United States Attorney retains the discretion to limit or deny a defendant's participation in a fast-track program based on –

(1) The defendant's prior violent felony convictions (including murder, kidnapping, voluntary manslaughter, forcible sex offenses, child-sex offenses, drug trafficking, firearms offenses, or convictions which otherwise reflect a history of serious violent crime);

(2) The defendant's number of prior deportations, prior convictions for illegal reentry under 8 U.S.C. § 1326, prior convictions for other immigration-related offenses, or prior participation in a fast-track program.

(Docket No. 22-1, at 3 (emphasis added)).

The Presentence Investigation Report ("PSIR") in this case indicates that the Petitioner has two prior convictions for the sale of heroin, one prior conviction for the sale of cocaine, and one prior conviction for possession with intent to sell 15 balloons containing 12 grams of heroin. (¶¶ 20-23). The PSIR also indicates that the Petitioner was deported twice in 1999, and once in 2006. (Id., at ¶ 28). Under these circumstances, the Court is not persuaded that the Petitioner has shown he would have been eligible for participation in the "fast track" program, and consequently, has failed to establish that counsel was ineffective for any failure in that regard. See, e.g., Ludwig v. United States, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

Petitioner also argues that counsel was ineffective for failing to move for a downward

departure at sentencing based on "cultural assimilation," because, according to the Petitioner, he "spent a big part of his life in this country." (Docket No. 1, at 28). In that regard, Application Note 8 to Sentencing Guideline Section 2L1.2 provides:

> <u>Departure Based on Cultural Assimilation.</u> – There may be cases in which a downward departure may be appropriate on the basis of cultural assimilation. Such a departure should be considered only in cases where (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.
>
> In determining whether such a departure is appropriate, the court should consider, among other things, (1) the age in childhood at which the defendant began residing continuously in the United States, (2) whether and for how long the defendant attended school in the United States, (3) the duration of the defendant's continued residence in the United States, (4) the duration of the defendant's presence outside the United States, (5) the nature and extent of the defendant's familial and cultural ties inside the United States, and the nature and extent of such ties outside the United States, (6) the seriousness of the defendant's criminal history, and (7) whether the defendant engaged in additional criminal history after illegally reentering the United States.

Petitioner has presented no factual support for his argument that a downward departure based on cultural assimilation would have been warranted. Indeed, the facts set forth in the PSIR undermine such an argument. The PSIR indicates that the Petitioner was born in Mexico in 1970, completed nine years of education there, and married his wife there in 1993. (¶¶ 25-29). The Petitioner's parents and siblings, and wife and three children all live in Mexico. (<u>Id.</u>) Thus, the Petitioner did not reside continuously in the United States from childhood, nor did he have familial ties in the United States. In addition, as explained above, the PSIR indicates that the Petitioner had four prior convictions for drug trafficking, and had been deported three times prior to the sentencing hearing. Under these circumstances, the Court concludes that the Petitioner

was not prejudiced by any failure of trial counsel to request application of a downward departure based on cultural assimilation as such a request would have been denied. See, e.g., Ludwig v. United States, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

D. Unreasonable Sentence

Petitioner appears to argue that his sentence was unreasonable because the Court's failure to apply the downward departures referenced above resulted in a sentence that was effectively higher than the applicable sentencing guideline range and the statutory maximum. As explained above, the Petitioner did not qualify for either the "fast track" or cultural assimilation departures he cites. Consequently, the applicable sentencing guideline range would not have been lowered. The Petitioner's sentence of 62 months was within the statutory maximum of 20 years set forth in 8 U.S.C. § 1326((b)(2), and was lower than the applicable sentencing guideline range of 70 to 87 months. (Docket No. 24 in Case No. 3:12-00081). The Petitioner has not shown that his sentence was unreasonable.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and accompanying Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900

(6th Cir. 2002).

It is so ORDERED.

                                                                                          _____
                                                                                          TODD J. CAMPBELL
                                                                                          UNITED STATES DISTRICT JUDGE